# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BENITEZ, | 1:06-cv-01899 OWW DLB (HC) |
|     Petitioner, | ORDER VACATING FINDINGS AND RECOMMENDATION, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS MOOT, AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |
|     v. | |
| SCOTT P. RAWERS, Warden, | |
|     Respondent. | [Doc. 15] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 29, 2006, challenging Governor Davis' 2004 reversal of the Board of Prison Hearings 2004 decision finding him suitable for release on parole. (Court Doc. 1.)

On April 15, 2008, the Magistrate Judge issued a Findings and Recommendation to grant the petition and reverse the Governor's 2004 decision. (Court Doc. 15.)  On May 15, 2008, Respondent filed objections to the Findings and Recommendation. (Court Doc. 16.)  On May 20, 2008, Respondent filed supplemental objections and request to vacate the Findings and Recommendation. (Court Doc. 17.)  Petitioner filed a reply on May 30, 2008. (Court Doc. 18.)

The Court takes judicial notice of the proceedings in a prior petition for writ of habeas corpus filed by Petitioner in this Court, case number 1:06-cv-00142-LJO SMS (HC) Benitez v.

1

Rawers.[1]  There, Petitioner challenged a prior the Governor's 2003 decision,[2] and Respondent submitted evidence that subsequent to Petitioner's release on parole on April 9, 2009, Petitioner was removed from the United States by the Immigration and Customs Enforcement agency. (1:06-cv-00142-LJO-SMS (HC), Court Document No. 36, Notice of Removal.)  Therefore, the Petition for Writ of habeas Corpus in 1:06-cv-00142 LJO SMS HC was dismissed as moot on April 9, 2010.  (Id. at Court Docs. 37-38.)

For the same reasons this Petition is also MOOT.  The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision."  Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.  Because Petitioner has been removed from the United States, the instant challenge to his release on parole and/or credit toward his parole term in the United States is now MOOT.[3]

///

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case.  See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

[2] Petitioner's inmate number (C-34789) is the same in both actions.

[3] Petitioner was released from custody on April 9, 2009 to a 5-year determinate term, and subsequently deported to Mexico.  (1:06-cv-00142 LJO SMS (HC) Court Docs. 30, 36 .)

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued April 15, 2008, is HEREBY VACATED;
2. The Petition for Writ of Habeas Corpus is DISMISSED as MOOT; and
3. The Clerk of Court is directed to terminate this action in its entirety.

IT IS SO ORDERED.

**Dated:   April 13, 2010**              /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE